No. 3621.

(Court of Appeal, Parish of Orleans.)

FRANK J. NOULLET vs. LOUIS SCHULZ.

Appeal from Civil District Court, Division "B."

Edward A. Parsons, for Plaintiff and Appellee.

Clegg & Quintero, for Defendant and Appellant.

1. In confirming a default the proof offered by plaintiff must conform to the allegations of his petition and he must make out his case with legal certainty.

2. The evidence of one witness who simply declares that the contract was violated, giving scant, if any explanation of the particular causes or conditions which constitute its violation, is not sufficient to authorize the confirmation of a default.

ESTOPINAL, J. On August 25th, 1904, defendant entered into a contract with plaintiff, binding himself to furnish the later with a gasoline engine, pump, pipe and connection, guaranteeing that said engine would draw water from a point on the Orleans Canal, at Rendon street, to the site of the McDonogh School building No. 13, there being erected by plaintiff, who was the building contractor.

Defendant agreed to have the engine and pump installed within three days of the signing of the contract.

The contract price for said engine was three hundred dollars ($300.00), one hundred and fifty ($150.00) cash, which plaintiff paid defendant, and one hundred and fifty ($150.00) to be paid when the engine had been successfully operated during two days.

It was further agreed that if defendant failed to furnish water to the site aforesaid in sufficient quantities, he was to return to plaintiff the entire purchase price of the engine and pump.

Plaintiff becoming disatisfied with the character of work per-

416

formed by the engine furnished him by defendant, demanded of him the ruturn of the purchase price conformably to the terms of the contract, and, defendant failing to comply with the demand, plaintiff proceeded to place him in default, as evidenced by a notarial instrument which we find in the record.

Thereupon plaintiff instituted this suit to recover damages for a breach of contract and to secure the return of the money paid on account thereof.

A default was entered, which was in due time confirmed, the lower court, giving judgment in favor of plaintiff for two hundred and fifty-eight 70/100 ($258.70) dollars.

Defendant appeals from the judgment, contending that the contract is one for the sale of a gasoline engine, etc., and is a type-written document, and that a material and important paragraph has been added with a pen and in ink, which reads as follows:

"Failing to furnish water in sufficient force and quantities, I agree to return the entire purchase price," and that by reason of this alteration in the contract it is void and without force and not admissable in evidence, unless the erasures or interlineations are first explained or accounted for.

There is no force in this contention, in view of the fact that evidence, sufficient in our opinion, was adduced in the lower court explanatory of the contract.

Plaintiff is asked:

"Question: Mr. Noullet, I hand you a document marked 'P. I,' will you examine that and tell the court whether that is the contract entered into between you and Mr. Louis Schulz on August 25th, 1904?

"Answer: It is."

We take it that plaintiff's answer, made after examining the contract handed him by his attorney, meant that the document handed him was the contract as interlineated and signed by himself and the defendant.

‫ Under the proof made, the integrity of the instrument in question is preserved, both in its evidentiary character and as a contract, and will be so considered in determining the issues in this case.

Defendant is more fortunate in the other attack made upon the proceedings below, to the effect that "the proof does not correspond with the allegations."

Plaintiff alleges "that although Schulz erected a gasoline engine and pump and connected same with an iron pipe, that said engine, pipe, pump and connections were not *only not ready for service within three days in accordance with said agreement;* and although Schulz has made several attempts to get said engine, pump, pipe and connections *to furnish water in sufficient quantity* in accordance with said contract, that he has failed to carry out the terms of said agreement and the very object for which said contract was made with him, i. e., to furnish water to petitioner on the site of McDonogh school building No. 31 in sufficient quantities for the purpose for which water would be and is required in the erection of said structure."

Now then, we should, upon reference to the note of evidence, relied upon for the confirmation of this default, find some pertinent questions and answers in support of or sustaining the material allegations of plaintiff's petition; for instance, it is alleged "that the engine in question was to be erected within three days of the signing of the contract," certainly a very material clause of the contract, the work being of an emergency character, and time being, therefore, of the essence, and yet, except for the general statement by plaintiff, "that defendant did not erect and deliver the engine according to contract," we are at a loss to know whether his default consisted in his failure to erect the engine within the time stipulated or in some other particular.

Of course, if it were permissable for courts to deduct inferences and determine and decide issues upon those, it is possible the plaintiff here would be entitled to a judgment, but this cannot

be done, and this case, as in all others, plaintiff will be required to make out with legal certainty.

The evidence of one witness who simply declares that the contract was violated, by reason of the failure of the pump to bring water to his "building foundations" as provided by the contract, without giving any explanation as to the causes responsible for that condition of affairs, whether due to a' deficiency in the engine itself, the improper installation of it or the improper manipulation or handling of it by defendant or his employees, is not, in our opinion, sufficient to authorize the confirmation of a default.

The circumstance that this is a judgment by default does not relieve the plaintiff of the necessity of making out his proof clearly and explicitly.

Counsel for plaintiff urges that he may make his proof in whatever legitimate way he chooses, which is undeniable, but whichever mode he adopts, his case must be proved with legal certainty, and this he has failed to do.

If plaintiff had been near as careful in proving up in what particular, and the causes and reasons, violative of the contract, as he was in detailing the various items of damages which he alleges to have suffered, it is quite probable that we should not disturb this judgment.

We will not, however, under the circumstances presented in this case, non-suit the plaintiff, but we will remand the cause in order to give him the benefit of his default.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed, and that the suit be remanded to the court *a qua* to be proceeded with according to law, apellee to pay costs of appeal.